# EXHIBIT 1

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN A. JONES, on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>STERLING INFOSYSTEMS, INC.,<br><br>Defendant. | C.A. No. 14-CV-03076 (VEC)<br><br>**DEFENDANT STERLING INFOSYSTEMS, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT** |

Defendant Sterling Infosystems, Inc. ("Sterling") hereby responds and objects to Plaintiff's First Set of Interrogatories to Defendant (the "Interrogatories") as follows:

## PRELIMINARY STATEMENTS AND GENERAL OBJECTIONS

1. Sterling objects to the Interrogatories to the extent they seek to impose burdens on Sterling that are inconsistent with, or in addition to, Sterling's obligations pursuant to the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Southern District of New York. Sterling will respond consistent with its obligations pursuant to the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Southern District of New York.

2. Sterling objects to the Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or immunity. Sterling will not provide information that is subject to any such privilege or protection. Sterling further

objects to identifying on any requested privilege log communications on or after the date of this lawsuit was filed (May 1, 2014) and will not do so absent an order of the Court.

3. Sterling objects to the "Definitions and Instructions" set forth in the Interrogatories to the extent they are inconsistent with the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Southern District of New York.

4. Sterling objects to the overly broad definition of "You" and will interpret this term to mean only Sterling Infosystems, Inc. and limit its responses accordingly.

5. Sterling objects to the Interrogatories to the extent they exceed the proper scope of discovery prior to class certification as set forth by the Court's July 18, 2014 Order (ECF 25).

6. Any documents or information produced by Sterling in response to the Interrogatories is subject to all objections as to competence, relevance, materiality, and admissibility, as well as any other objections on any grounds that would require the exclusion of the documents or information if such documents or information were offered into evidence, and Sterling expressly reserves all such objections on such grounds.

7. To the extent that Sterling produced documents as part of any Interrogatory response, consistent with the practices of the parties in this lawsuit, Sterling will make its production in PDF format by email or FTP site.

8. Sterling responds to the Interrogatories based upon the investigation conducted in the time available since the service of the Interrogatories. As of the date of these responses, Sterling has had insufficient opportunity to review all documents, interview all personnel, and otherwise obtain information that may prove relevant in the above-captioned case, including, without limitation, through discovery of the Plaintiff and/or third parties. As a consequence, Sterling's responses are based upon information now known to Sterling and that Sterling believes to be relevant to the subject matter covered by the Interrogatories. In the future, Sterling may discover or acquire additional information, or may discover documents currently in its possession, bearing upon the Interrogatories and Sterling's responses thereto. Without in any way obligating itself to do so, Sterling reserves the right: (1) to make subsequent revisions, supplementation or amendment to these responses based upon any information, evidence, documents, facts, and things that hereafter may be discovered by Sterling, or the relevance of which may hereafter be discovered; and (2) to produce, introduce, or rely upon additional or subsequently acquired or discovered writings, evidence and information at trial or in any pretrial proceedings.

Sterling incorporates by reference the foregoing preliminary statements and general objections into each response contained herein as if fully set forth. Subject to and without waiving any of its objections, Sterling responds to the Interrogatories as follows:

# RESPONSE TO INTERROGATORIES

**INTERROGATORY NO. 1:**

State the number of natural persons to whom Defendant sent a letter substantially in the form of the July 30 Letter, from (a) May 2, 2012 to the present, and (b) May 2, 2009 to the present.

**RESPONSE TO INTERROGATORY NO. 1:**

**Sterling objects to Part (b) of this Interrogatory as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this lawsuit. Sterling further objects to the use of the vague and undefined phrase "substantially in the form of the July 30 Letter."**

**Subject to and without waiving its objections, Sterling states that it is unable to provide the information sought by Part (a) of this Interrogatory. The text in the first paragraph of the template letter, the text following the headings "<u>Summary of Claim</u>" and "<u>Results of our Re-Investigation</u>," as well as the dates in the middle of the second page of the letter, vary and are individualized in each letter based on the template letter and sent by Sterling. In the first paragraph of the letter and the "<u>Summary of Claim</u>" portion of the letter, Sterling summarizes its understanding of the dispute and its interactions with the consumer. In the "<u>Results of our Re-Investigation</u>" section, Sterling typically sets forth the procedures used in investigating the accuracy and completeness of the**

**disputed information, including generally the identity of the entity contacted and the results of that investigation. Therefore, Sterling believes that approximately one (1) person received a copy of a letter substantially in the form of the July 30 Letter since May 2, 2012.**

**Investigation as to the number of letters based on the form letter which was the template for the July 30 Letter sent from May 2, 2012, continues.**

**INTERROGATORY NO. 2:**

Identify by name and address the persons who comprise your response to Interrogatory No. 1.

**RESPONSE TO INTERROGATORY NO. 2:**

**Sterling incorporates its response to Interrogatory No. 1. Sterling further objects to this Interrogatory as exceeding the proper scope of discovery prior to class certification as established by the Court's July 18, 2014 Order (ECF 25).**

**INTERROGATORY NO. 3:**

State the number of natural persons to whom Defendant sent a report which included Social Security Trace Information, from (a) May 2, 2012 to the present, and (b) May 2, 2009 to the present.

**RESPONSE TO INTERROGATORY NO. 3:**

**Sterling objects to this Interrogatory as overly broad, unduly burdensome, and as seeking information that is neither relevant nor**

**reasonably calculated to lead to the discovery of admissible evidence in this lawsuit. Sterling further objects to this Interrogatory as vague. Sterling further objects to the use of the vague and undefined term "report."**

**Subject to and without waiving its objections, Sterling states that investigation continues as to the number of consumers to whom Sterling provided, since May 2, 2012, copies of consumer reports generated by Sterling's Tracker, or Sterling East, platform that included Social Security Trace Information.**

**INTERROGATORY NO. 4:**

Identify by name and address the persons who comprise your response to Interrogatory No. 3.

**RESPONSE TO INTERROGATORY NO. 4:**

**Sterling incorporates its response to Interrogatory No. 3. Sterling further objects to this Interrogatory as exceeding the proper scope of discovery prior to class certification as established by the Court's July 18, 2014 Order (ECF 25).**

**INTERROGATORY NO. 5:**

State the number of natural persons residing in the State of New York to whom Defendant sent a report which included Social Security Trace Information, from (a) May 2, 2012 to the present, and (b) May 2, 2009 to the present.

**RESPONSE TO INTERROGATORY NO. 5:**

Sterling objects to this Interrogatory as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this lawsuit. Sterling further objects to this Interrogatory as vague. Sterling further objects to the use of the vague and undefined term "report."

Subject to and without waiving its objections, Sterling incorporates its response to Interrogatory No. 3 and further states that investigation continues as to the number of the consumers described in Sterling's response to Interrogatory No. 3 who had then-current addresses in the State of New York.

**INTERROGATORY NO. 6:**

Identify by name and address the persons who comprise your response to Interrogatory No. 5.

**RESPONSE TO INTERROGATORY NO. 6:**

Sterling incorporates its response to Interrogatory No. 5. Sterling further objects to this Interrogatory as exceeding the proper scope of discovery prior to class certification as established by the Court's July 18, 2014 Order (ECF 25).

**INTERROGATORY NO. 7:**

State the number of natural persons who were the subject of a report that contained a public record, from (a) May 2, 2012 to the present, and (b) May 2, 2009 to the present.

**RESPONSE TO INTERROGATORY NO. 7:**

**Sterling objects to this Interrogatory as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this lawsuit.**

**INTERROGATORY NO. 8:**

Identify by name and address the persons who comprise your response to Interrogatory No. 7.

**RESPONSE TO INTERROGATORY NO. 8:**

**Sterling incorporates its objections to Interrogatory No. 7. Sterling further objects to this Interrogatory as exceeding the proper scope of discovery prior to class certification as established by the Court's July 18, 2014 Order (ECF 25).**

**INTERROGATORY NO. 9:**

State the number of natural persons residing in the State of New York who were the subject of a report that contained a public record, from (a) May 2, 2012 to the present, and (b) May 2, 2009 to the present.

**RESPONSE TO INTERROGATORY NO. 9:**

**Sterling objects to Part (b) this Interrogatory as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this lawsuit.**

**Subject to and without waiving its objections, Sterling states that investigation continues as to the number of consumers to whom Sterling, since May 2, 2012, provided consumer reports generated by Sterling's Tracker, or Sterling East platform and containing one or more items of information on consumers which are matters of criminal public record where the subject of the consumer report had then-current addresses in the State of New York.**

**INTERROGATORY NO. 10:**

Identify by name and address the persons who comprise your response to Interrogatory No. 9.

**RESPONSE TO INTERROGATORY NO. 10:**

**Sterling incorporates its objections to Interrogatory No. 9. Sterling further objects to this Interrogatory as exceeding the proper scope of discovery prior to class certification as established by the Court's July 18, 2014 Order (ECF 25).**

**INTERROGATORY NO. 11:**

Identify all persons with any connection or involvement with the employment consumer reports on Kevin A. Jones that Sterling sold to Halstead Management Company, LLC and Brown Harris Stevens, LLC through their parent Terra Holdings, LLC.

**RESPONSE TO INTERROGATORY NO. 11:**

**Sterling objects to this Interrogatory to the extent it exceeds the proper scope of discovery prior to class certification as established by the Court's July 18, 2014 Order (ECF 25). To the extent that the Plaintiff seeks information about people who are not employees of Sterling, Sterling further objects to this Interrogatory as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Sterling further objects to the use of the vague and undefined phrases "with any connection or involvement," "employment consumer reports," and to the description of the entities to whom the information was "sold."**

**Subject to and without waiving its objections, Sterling refers to documents labeled STERLING0000001 through STERLING0000148 pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.**

**INTERROGATORY NO. 12:**

Identify the name, address, telephone number, and subjects of information known by each individual who had any interaction, involvement, or communications

related to the establishment or review of your policies and procedures for compliance with N.Y. Gen. Bus. Law §§ 380-d, 380-f, 380-g, 380-j: 15 U.S.C. §§ 1681e(b), 1681g, 1681i, 1681k; Sterling's Answer and Defenses (Doc. 26); Fed. R. Civ. P. 26(a) disclosures; document production; the responses to these interrogatories; and, any other facts that concern or relate to related to the establishment or review of your policies and procedures for compliance with the statutes cited herein.

**RESPONSE TO INTERROGATORY NO. 12:**

**Sterling objects to this Interrogatory to the extent it exceeds the proper scope of discovery prior to class certification as established by the Court's July 18, 2014 Order (ECF 25). Sterling further objects to this Interrogatory as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Sterling further objects to the use of the vague and undefined phrases "subjects of each information known by each individual," "establishment or review of your policies and procedures" and "any other facts that concern or relate to related to the establishment or review of your policies and procedures." Sterling further objects to this Interrogatory as burdensome, improper and not reasonably susceptible to response.**

**INTERROGATORY NO. 13:**

Explain the method or procedure, if any, that Defendant uses to comply with section 380-g of the NY-FCRA and section 1681k(a) of the FCRA.

**RESPONSE TO INTERROGATORY NO. 13:**

**Sterling objects to this Interrogatory to the extent it exceeds the proper scope of discovery prior to class certification as established by the Court's July 18, 2014 Order (ECF 25). Sterling further objects to this Interrogatory as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this lawsuit.**

**Subject to and without waiving its objections, Sterling states that since May 2012, when generating consumer reports from Tracker, or Sterling East, platform that include certain New York State court criminal record information, consistent with the direction of the New York State Office of Court Administration, Sterling obtains "the current public record status of [such New York State court criminal record] at the time of the report is reported" by using the Criminal History Record Search via the on-line Direct Access program.**

**Responding further, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Sterling refers to documents being produced concurrently with these responses.**

**INTERROGATORY NO. 14:**

Explain the method or procedure, if any, that Defendant uses to comply with section 1681i(a) of the FCRA.

**RESPONSE TO INTERROGATORY NO. 14:**

**Sterling objects to this Interrogatory to the extent it exceeds the proper scope of discovery prior to class certification as established by the Court's July 18, 2014 Order (ECF 25). Sterling further objects to this Interrogatory as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this lawsuit.**

**Subject to and without waiving its objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Sterling refers to documents being produced concurrently with these responses.**

**INTERROGATORY NO. 15:**

Explain the method or procedure, if any, that Defendant uses to comply with section 1681g of the FCRA.

**RESPONSE TO INTERROGATORY NO. 15:**

**Sterling objects to this Interrogatory to the extent it exceeds the proper scope of discovery prior to class certification as established by the Court's July 18, 2014 Order (ECF 25). Sterling further objects to this Interrogatory as overly broad, unduly burdensome, and as seeking**

**information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this lawsuit.**

**Subject to and without waiving its objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Sterling refers to documents being produced concurrently with these responses.**

**INTERROGATORY NO. 16:**

Explain the method or procedure, if any, that Defendant uses to comply with section 380-d of the NY-FCRA.

**RESPONSE TO INTERROGATORY NO. 16:**

**Sterling objects to this Interrogatory to the extent it exceeds the proper scope of discovery prior to class certification as established by the Court's July 18, 2014 Order (ECF 25). Sterling further objects to this Interrogatory as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this lawsuit.**

**Subject to and without waiving its objections, Sterling refers the Plaintiff to Sterling's response to Interrogatory No. 15.**

**INTERROGATORY NO. 17:**

Explain the method or procedure, if any, that Defendant uses to comply with section 168le(b) of the FCRA.

**RESPONSE TO INTERROGATORY NO. 17:**

**Sterling objects to this Interrogatory as exceeding the proper scope of discovery prior to class certification as established by the Court's July 18, 2014 Order (ECF 25). Sterling further objects to this Interrogatory as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this lawsuit.**

**INTERROGATORY NO. 18:**

Explain the method or procedure, if any, that Defendant uses to comply with section 380-f of the NY-FCRA.

**RESPONSE TO INTERROGATORY NO. 18:**

**Sterling objects to this Interrogatory as exceeding the proper scope of discovery prior to class certification as established by the Court's July 18, 2014 Order (ECF 25). Sterling further objects to this Interrogatory as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this lawsuit.**

**INTERROGATORY NO. 19:**

Explain the method or procedure, if any, that Defendant uses to comply with section 380-j of the NY-FCRA.

**RESPONSE TO INTERROGATORY NO. 19:**

**Sterling objects to this Interrogatory as exceeding the proper scope of discovery prior to class certification as established by the Court's July 18, 2014 Order (ECF 25). Sterling further objects to this Interrogatory as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this lawsuit.**

Dated: October 31, 2014                  **STERLING INFOSYSTEMS, INC.**

By:    s/ Albert E. Hartmann

         Michael O'Neil (*pro hac vice*)
         Albert E. Hartmann (*pro hac vice*)
         REED SMITH LLP
         10 S. Wacker Dr., 40th Floor
         Chicago, IL 60606-7507
         Tel: (312) 207-1000
         Fax: (312) 207-6400
         michael.oneil@reedsmith.com
         ahartmann@reedsmith.com

         Evan Farber (EF-1049)
         REED SMITH LLP
         599 Lexington Ave., 22nd Floor
         New York, NY 10022
         Tel: (212) 521-5400
         Fax: (212) 521 5450
         ekfarber@reedsmith.com

         *Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that I caused the foregoing **DEFENDANT STERLING INFOSYSTEMS, INC.'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES TO DEFENDANT** to be served upon the following counsel of record in this lawsuit by causing copies to be served via electronic mail and First Class Mail, postage prepaid, on October 31, 2014:

>James A. Francis
>David A. Searles
>John Soumilas
>Francis & Mailman, P.C.
>100 South Broad Street, 19th Floor
>Philadelphia, Pennsylvania  19110
>jfrancis@consumerlawfirm.com
>dsearles@consumerlawfirm.com
>jsoumilas@consumerlawfirm.com
>
>Monica Welby
>Sally B. Friedman
>Legal Action Center of the City of New York
>225 Varick Street
>New York, New York  10014
>mwelby@lac.org
>sfriedman@lac.org
>
>*Attorneys for Plaintiff and the Putative Class*

>>s/ Albert E. Hartmann
>>
>>Albert E. Hartmann (*pro hac vice*)
>>REED SMITH LLP
>>10 S. Wacker Dr., 40th Floor
>>Chicago, IL 60606-7507
>>Tel:  (312) 207-1000
>>Fax:  (312) 207-6400
>>ahartmann@reedsmith.com
>>
>>*Attorney for Defendant*

# VERIFICATION

Curt Schwall, Vice President of Corporate Ethics and Compliance for Sterling Infosystems, Inc., under 28 U.S.C. § 1746, states as follows:

1. I am authorized to verify Sterling Infosystems, Inc.'s Responses to Plaintiff's First Set of Interrogatories to Defendant and Supplemental Responses to Plaintiff's First Set of Interrogatories to Defendant (collectively, "Responses") on behalf of Sterling Infosystems, Inc. ("Sterling")

2. The information set forth in the Responses was gathered and collected by persons in the employ of, or retained by, Sterling from records and files kept by Sterling in the ordinary course of its business.

3. I am informed and believe that the information set forth in the Responses truly and accurately reflects said records, files and information, and accordingly am informed and believe that said information is true and accurate.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 4, 2015

Curt Schwall