# EXHIBIT 24

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN A. JONES, on behalf of himself and others similarly situated,<br><br>        Plaintiffs,<br><br>- against -<br><br>STERLING INFOSYSTEMS, INC.,<br><br>        Defendant. | C.A. No. 14-CV-03076 (VEC)<br><br>**DEFENDANT STERLING INFOSYSTEMS, INC.'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT** |

Defendant Sterling Infosystems, Inc. ("Sterling") hereby provides its Supplemental Responses to Plaintiff's First Set of Interrogatories to Defendant (the "Interrogatories") as follows:

**PRELIMINARY STATEMENTS AND GENERAL OBJECTIONS**

Sterling refers to and incorporates its preliminary statements and general objections to the Interrogatories. Sterling incorporates by reference its preliminary statements and general objections into each supplemental response contained herein as if fully set forth, and makes its supplemental responses subject to and without waiving any of its objections.

**RESPONSE TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

State the number of natural persons to whom Defendant sent a letter substantially in the form of the July 30 Letter, from (a) May 2, 2012 to the present, and (b) May 2, 2009 to the present.

**RESPONSE TO INTERROGATORY NO. 1:**

Sterling objects to Part (b) of this Interrogatory as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this lawsuit. Sterling further objects to the use of the vague and undefined phrase "substantially in the form of the July 30 Letter."

Subject to and without waiving its objections, Sterling states that it is unable to provide the information sought by Part (a) of this Interrogatory. The text in the first paragraph of the template letter, the text following the headings "<u>Summary of Claim</u>" and "<u>Results of our Re-Investigation</u>," as well as the dates in the middle of the second page of the letter, vary and are individualized in each letter based on the template letter and sent by Sterling. In the first paragraph of the letter and the "<u>Summary of Claim</u>" portion of the letter, Sterling summarizes its understanding of the dispute and its interactions with the consumer. In the "<u>Results of our Re-Investigation</u>" section, Sterling typically sets forth the procedures used in investigating the accuracy and completeness of the disputed information, including generally the identity of the entity contacted and the results of that investigation. Therefore, Sterling believes that approximately one (1) person received a copy of a letter substantially in the form of the July 30 Letter since May 2, 2012.

**Investigation as to the number of letters based on the form letter which was the template for the July 30 Letter sent from May 2, 2012, continues.**

**SUPPLEMENTAL RESPONSE:    Sterling further objects to this Interrogatory to the extent it seeks the precise number of letters that advised a consumer, in response to a dispute of reported information and following an investigation of that dispute, that there would be no corresponding change to the disputed information, as unduly burdensome and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this lawsuit.  Subject to and without waiving its objections, Sterling states that it produced a witness who testified that between May 2, 2012, and mid-November 2014, Sterling sent in excess of approximately 6,000 letters based on the form letter which was the template for the July 30 Letter that advised a consumer, in response to a dispute of reported information and following an investigation of that dispute, that there would be no corresponding change to the disputed information.  (See Laverdiere Dep. 113:5-119:11, 121:11-122:25, 133:24-134:8, 178:12-187:12, 202:14-203:22.)**

**INTERROGATORY NO. 3:**

State the number of natural persons to whom Defendant sent a report which included Social Security Trace Information, from (a) May 2, 2012 to the present, and (b) May 2, 2009 to the present.

**RESPONSE TO INTERROGATORY NO. 3:**

Sterling objects to this Interrogatory as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this lawsuit. Sterling further objects to this Interrogatory as vague. Sterling further objects to the use of the vague and undefined term "report."

Subject to and without waiving its objections, Sterling states that investigation continues as to the number of consumers to whom Sterling provided, since May 2, 2012, copies of consumer reports generated by Sterling's Tracker, or Sterling East, platform that included Social Security Trace Information.

**SUPPLEMENTAL RESPONSE:** After further significant investigation, Sterling is unable to determine the number of consumers to whom Sterling provided, since May 2, 2012, copies of consumer reports generated by Sterling's Tracker, or Sterling East, platform that included Social Security Trace Information. However, based on other information provided by Sterling in discovery in this matter, that number is irrelevant to Plaintiff's claims. Sterling treats requests for copies of consumer reports provided to end users differently than requests by consumers for their full file disclosure. (See, e.g., Laverdiere Dep. 192:4-194:3.) Since 2013, Sterling has received approximately eighteen (18) file disclosure

requests. (Id. 202:6-13.) (Sterling currently discloses the source of the Social Security Trace Information on file disclosures (id. 197:8-14), so the number of members in the putative class for the class claim to which this Interrogatory arguably relates will not increase.) Therefore, the putative class for the class claim to which this Interrogatory arguably relates is not sufficiently numerous to support certification under Rule 23 of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 5:**

State the number of natural persons residing in the State of New York to whom Defendant sent a report which included Social Security Trace Information, from (a) May 2, 2012 to the present, and (b) May 2, 2009 to the present.

**RESPONSE TO INTERROGATORY NO. 5:**

Sterling objects to this Interrogatory as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this lawsuit. Sterling further objects to this Interrogatory as vague. Sterling further objects to the use of the vague and undefined term "report."

Subject to and without waiving its objections, Sterling incorporates its response to Interrogatory No. 3 and further states that investigation continues as to the number of the consumers described in Sterling's

response to Interrogatory No. 3 who had then-current addresses in the State of New York.

SUPPLEMENTAL RESPONSE: See Sterling's Supplemental Response to Interrogatory No. 3.

**INTERROGATORY NO. 9:**

State the number of natural persons residing in the State of New York who were the subject of a report that contained a public record, from (a) May 2, 2012 to the present, and (b) May 2, 2009 to the present.

**RESPONSE TO INTERROGATORY NO. 9:**

Sterling objects to Part (b) this Interrogatory as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this lawsuit.

Subject to and without waiving its objections, Sterling states that investigation continues as to the number of consumers to whom Sterling, since May 2, 2012, provided consumer reports generated by Sterling's Tracker, or Sterling East platform and containing one or more items of information on consumers which are matters of criminal public record where the subject of the consumer report had then-current addresses in the State of New York.

SUPPLEMENTAL RESPONSE: Subject to and without waiving its objections, since May 2, 2012, Sterling has provided at least 4,966 consumer

**reports generated by Sterling's Tracker, or Sterling East platform, that contained one or more items of information on consumers which are matters of criminal public record and which Sterling obtained from the New York State Office of Court Administration Criminal History Record Search via the on-line Direct Access program where the subject of the consumer report had then-current addresses in the State of New York.**

| | | |
|---|---|---|
| Dated: January 20, 2015 | | **STERLING INFOSYSTEMS, INC.** |
| | By: | s/ Albert E. Hartmann |

Michael O'Neil (*pro hac vice*)
Albert E. Hartmann (*pro hac vice*)
REED SMITH LLP
10 S. Wacker Dr., 40th Floor
Chicago, IL 60606-7507
Tel: (312) 207-1000
Fax: (312) 207-6400
michael.oneil@reedsmith.com
ahartmann@reedsmith.com

Evan Farber (EF-1049)
REED SMITH LLP
599 Lexington Ave., 22nd Floor
New York, NY 10022
Tel: (212) 521-5400
Fax: (212) 521 5450
ekfarber@reedsmith.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that I caused the foregoing **DEFENDANT STERLING INFOSYSTEMS, INC.'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES TO DEFENDANT** to be served upon the following counsel of record in this lawsuit by causing copies to be served via electronic mail and First Class Mail, postage prepaid, on January 20, 2015:

>James A. Francis
>David A. Searles
>John Soumilas
>Francis & Mailman, P.C.
>100 South Broad Street, 19th Floor
>Philadelphia, Pennsylvania  19110
>jfrancis@consumerlawfirm.com
>dsearles@consumerlawfirm.com
>jsoumilas@consumerlawfirm.com
>
>Monica Welby
>Sally B. Friedman
>Legal Action Center of the City of New York
>225 Varick Street
>New York, New York  10014
>mwelby@lac.org
>sfriedman@lac.org
>
>*Attorneys for Plaintiff and the Putative Class*

>>s/ Albert E. Hartmann
>>
>>Albert E. Hartmann (*pro hac vice*)
>>REED SMITH LLP
>>10 S. Wacker Dr., 40th Floor
>>Chicago, IL 60606-7507
>>Tel:  (312) 207-1000
>>Fax:  (312) 207-6400
>>ahartmann@reedsmith.com
>>
>>*Attorney for Defendant*

# VERIFICATION

Curt Schwall, Vice President of Corporate Ethics and Compliance for Sterling Infosystems, Inc., under 28 U.S.C. § 1746, states as follows:

1. I am authorized to verify Sterling Infosystems, Inc.'s Responses to Plaintiff's First Set of Interrogatories to Defendant and Supplemental Responses to Plaintiff's First Set of Interrogatories to Defendant (collectively, "Responses") on behalf of Sterling Infosystems, Inc. ("Sterling")

2. The information set forth in the Responses was gathered and collected by persons in the employ of, or retained by, Sterling from records and files kept by Sterling in the ordinary course of its business.

3. I am informed and believe that the information set forth in the Responses truly and accurately reflects said records, files and information, and accordingly am informed and believe that said information is true and accurate.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 4, 2015

Curt Schwall